UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 26, 2015
```

-----------------------------------------------------------X

SANDRA GARCIA,

                    *Petitioner,*

  -*against*-

UNITED STATES OF AMERICA,

14-CV-10051 (PAC)

-----------------------------------------------------------X

UNITED STATES OF AMERICA,

  -*against*-

SANDRA GARCIA,

                    *Defendant.*

13-CR-095 (PAC)

**OPINION & ORDER**

-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Sandra Garcia moves, pursuant to 28 U.S.C. § 2255, to vacate her conviction, arguing: (1) that her guilty plea was not made knowingly and voluntarily due to the ineffective assistance of counsel; and (2) that the sentence imposed violated her Fifth and Sixth Amendment rights.[1] For the reasons below, Petitioner's motion is DENIED.

## BACKGROUND

On July 11, 2013, Petitioner pled guilty to the indictment's three counts: (i) theft of government funds, in violation of 18 U.S.C. § 641; (ii) theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (iii) aggravated identity theft, in violation of 18 U.S.C. § 1028A.

---

[1] Since Petitioner is proceeding *pro se*, the Court "construe[s] [her] submissions 'liberally and interpret[s] them to raise the strongest arguments that they suggest.'" *Hsu v. United States*, 954 F. Supp. 2d 215, 218 (S.D.N.Y. 2013) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

Petitioner developed a fraudulent scheme at the New York City Human Resources Administration ("HRA") where she worked. Petitioner accessed and stole the names, Social Security numbers, and personal information of people receiving public assistance and used the information to fraudulently claim over $190,000 in welfare benefits for herself. Compl. ¶¶ 11–13. The Government's evidence included documents obtained from the HRA; testimony from victims, whose identities were stolen; and testimony from HRA employees, who could demonstrate how Petitioner's fraudulent scheme operated. Plea Tr. 13:4–15:7.

The plea agreement, dated May 24, 2013, calculated the Offense Level at 19, with a Criminal History Category of 1. The Guidelines range for Counts 1 and 2 was 30–37 months' imprisonment, with a 24-month mandatory minimum sentence for aggravated identify theft charged in Count 3 running consecutive to any other term of imprisonment. Plea Agreement 3–4. The effective sentencing range was 54–61 months' imprisonment. *Id.* The plea agreement further stipulated "that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255[,] . . . of any sentence within or below the Stipulated Guidelines Range of 54 to 61 months' imprisonment." *Id.* at 5.

At her plea on July 11, 2013, Petitioner was sworn in and testified that she signed the plea agreement voluntarily and that she understood the rights she was giving up by doing so. Plea Tr. 6:13–17. With regard to her waiver of appeal and collateral attack, she testified:

> THE COURT: Now, in addition to giving up your right to a trial, . . . you're also giving up your right to file a direct appeal or to challenge in a collateral challenge the sentence I impose on you if it's within the guideline range of 54 to 61 months. Do you understand?
>
> THE DEFENDANT: Yes, your Honor.

2

*Id.* at 10:6–12. Further, Petitioner confirmed she understood that the Guidelines range was discretionary rather than mandatory. *Id.* at 11:2–13. Petitioner also stated that she understood the charges against her and that she was satisfied with her legal representation:

> THE COURT: Do you understand the charges against you?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Has [Defendant's attorney] explained to you the consequences of pleading guilty?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Do you understand you're pleading guilty to a felony?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Are you satisfied with the counsel and advice, the representation that [Defendant's attorney] has given to you?
>
> THE DEFENDANT: Yes, your Honor.

*Id.* at 4:1–11. Petitioner acknowledged that she was "pleading guilty because [she was], in fact, guilty." *Id.* at 10:18–19. She testified that she "used the identity of people without their permission to open accounts and receive money" while employed at the HRA. *Id.* at 15:15–17. The Court found that Petitioner was fully competent—she was a college graduate who held a high-level management position at a major New York City agency for a number of years—and capable of entering an informed plea. *Id.* at 17:7–9. Petitioner was fully aware of the nature of the charges against her: she read the 11 page criminal complaint, the indictment, and the plea agreement, and she heard the Government explain the three counts along with the supporting

evidence. She understood what she had done and she understood the consequences of pleading guilty, including the calculation of the Guidelines sentencing range.[2] *Id.* at 17:10–15.

On January 9, 2014, the Court sentenced Petitioner to 54 months' imprisonment: 30 months on Counts One and Two, followed by the mandatory consecutive 24 months on Count Three. The Court notified Petitioner of her right to appeal the sentence, but consistent with the plea agreement no appeal was taken.

**DECISION**

**I.      Petitioner's ineffective assistance of counsel claim fails**

The negotiation of a plea bargain "is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Petitioner can, therefore, pursue an ineffective assistance of counsel claim, notwithstanding her waiver of collateral attack, if she demonstrates "that the plea agreement was not knowing and voluntary because the advice [she] received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (internal citation and quotation marks omitted); *see also Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured"). "Merely asserting ineffective assistance of counsel, however, does not automatically render a plea agreement unenforceable." *Harris v. United States*, 380 F. Supp. 2d 278, 282 (S.D.N.Y. 2005). Only if Petitioner has a "'meritorious' claim that 'the waiver was the result of ineffective assistance of counsel'" is the waiver unenforceable. *Brown v. United*

---

[2] At the time of the plea, Petitioner consented to forfeiture in the amount of $203,687.63. Plea Tr. 8:22–24.

*States*, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009) (quoting *United States v. Monzon*, 359 F.3d 110, 118–19 (2d Cir. 2004)).

In determining whether Petitioner received ineffective assistance of counsel, the Court must "first determine whether [her] counsel's representation 'fell below an objective standard of reasonableness.'" *Padilla*, 559 U.S. at 366 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Next, the Court must "ask whether 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). The Court may, however, "reject bald accusations of ineffective assistance of counsel that contradict a § 2255 movant's sworn statements at the plea allocution." *Hill v. United States*, No. 13 Civ. 1107 (LAP), 2014 WL 104565, at *8 (S.D.N.Y. Jan. 7, 2014).

Here, Petitioner's claim is based entirely on bald accusations. Though Petitioner submits voluminous records of her communications with her counsel, nothing in these records indicates that the advice provided fell below an objective standard.[3] *See Strickland*, 466 U.S. at 689 (recognizing a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Moreover, Petitioner's ineffective assistance of counsel claim flatly contradicts her sworn testimony during her allocution. *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (plea allocution testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made").

---

[3] Since Petitioner fails to establish a plausible ineffective assistance of counsel claim, Petitioner's request for an evidentiary hearing is DENIED. *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

Accordingly, since Petitioner's ineffective assistance of counsel claim fails, the Court finds that Petitioner's plea was knowingly and voluntarily made.

## II.     Petitioner's constitutional claim fails

Petitioner argues that the Court's imposition of an "upward adjustment in the Base Offense Level, which was not charged in the original charging Indictment," violated her Fifth and Sixth Amendment rights. Mem. in Supp. 6. But since Petitioner's plea was knowing and voluntary, her claim is plainly barred by her knowing waiver of appeal and collateral attack. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("We have 'repeatedly upheld the validity of [appeal and collateral attack] waivers' if they are 'knowingly, voluntarily, and competently provided by the defendant.'" (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000))). And even if her claim was not barred by the waiver, it would nevertheless fail because Petitioner stipulated to the sentencing enhancements in her plea agreement and testified that she understood the discretionary nature of the Guidelines and how her Offense Level was calculated. Plea Tr. 8:25–10:12.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate her conviction is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
      June 26, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed to:

Sandra Garcia
Inmate # 41348-069
Federal Correctional Complex Camp
P.O. Box 1027
Coleman, FL 33521